**GREENFIELD, Contempt, In re, Appellant.**

Ohio Appeals, Ninth District, Wayne County.

No. 1152. Decided February 25, 1959.

Funk & Funk, Brouse, McDowell, May, Bierce & Wortman, for appellant.

James K. Leedy, Pros. Atty., Richard Kauffman, Asst. Pros. Atty., for trial judge.

**OPINION**

By HUNSICKER, J.

This is an appeal on questions of law from a judgment of contempt entered by the Judge of the Juvenile Court of Huron County, Ohio, sitting by designation in Wayne County, Ohio.

The judgment from which the appeal is taken is as follows:

"Julius Greenfield having this day been guilty of misbehavior in the presence of the Court in this, to wit, that he did take a photograph through the door of the court room while the Court was in session, after the Court had directly warned and cautioned him against taking any pictures of the Court Proceedings. It is ordered and adjudged that as a punishment for said contempt he pay a fine of $100 and costs and he shall be committed to the county jail until said fine and costs are paid and that a warrant be issued for such commitment.

"It is further ordered that in the event Julius Greenfield desires to appeal, the bond for appeal will be fixed at the sum of $150."

The bill of exceptions is included herein in its entirety:

"This day, to wit, March 12, 1958, at a hearing in the Wayne County. Common Pleas Courtroom, Wooster, Ohio, before the Hon. Don Young, Norwalk, Ohio, Judge of the Juvenile Court of Huron County, presiding in the matter of Case No. 2841, State of Ohio v. John P. and Salome Hershberger; Case No. 3109, State of Ohio v. Eli J. and Elizabeth Hershberger, and Case No. 3110, State of Ohio v. Emanuel and Mary Slabaugh, the following incident took place:

"The bailiff called to the Court's attention the fact that a man was standing in the corridor outside the courtroom with a camera pointed toward the courtroom visible through the glass of the closed door. The Court commanded that the man be brought before him.

"The Court: What is your name?

"A. Julius Greenfield, Chief Photographer of the Akron Beacon Journal.

"The Court: I issued an order that no photographs were to be taken in the courtroom while Court was in session,—were you taking a photograph?

"A. Yes, outside the courtroom.

"The Court: I am going to find you in contempt of Court.

"Bailiff, will you have the sheriff step in and take this man into custody.

"Thereupon the sheriff appeared before the Court.

"The Court: Will you take this gentleman into custody until these proceedings are over and I will ask you to bring him back. He is in contempt of court.

"Thereupon, after cases Nos. 2841, 3109 and 3110 were disposed of, the sheriff brought Julius Greenfield back to the courtroom.

"The Court: Mr. Greenfield, step forward. The statute says that a Court may summarily punish a person guilty of misbehavior in the presence of or so near the Court as to obstruct the administration of justice. If a person is found guilty he may be fined not more than five hundred dollars ($500), or imprisoned not more than ten (10) days, or both.

"The canons of judicial ethics require that no photographs be taken while the Court proceedings are in progress. I feel myself bound by the law which has been adopted by the Supreme Court.

"Through the bailiff I issued notice that no photographs were to be taken of these proceedings. You admit you were taking a picture?

"A. From the corridor.

"The Court: But you were taking it through the door.

"A. That's right.

"The Court: I am going to fine you one hundred dollars ($100) and costs, and you are to be committed until the fine and costs are paid."

The alleged contemptuous act which Julius Greenfield was charged with committing was based upon §2705.01 R. C., which reads as follows:

"A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

This section, it is seen, permits a finding of guilty of contempt for obstructing the administration of justice.

The record fails to disclose that Julius Greenfield obstructed in any manner the administration of justice. If there was any obstruction of justice by anyone, it was the court bailiff who "called to the court's attention" the taking of pictures through a window of the closed door which opened into the courtroom. The record does not show that the court was disturbed by this act until notified by the bailiff.

The order which the court said had been disobeyed was an order "that no photographs were to be taken in the courtroom while court was in session * * *."

This order was not violated, because the unrefuted and uncontradicted evidence shows that pictures were taken only outside the courtroom.

It is upon such a record as this, that a finding of guilty is based. Julius Greenfield was then taken into custody by the sheriff, and remained in custody until disposition of the cases there being heard.

Thereafter, Julius Greenfield was brought back into court; and the trial judge, by way of explanation for his oral pronouncement of guilt, then stated that the order which the bailiff is supposed to have issued at the instruction of the trial judge was that "no photographs were to be taken of these proceedings." Of course, that was not the order upon which he was found guilty and committed to the custody of the sheriff.

This court is unanimous in its opinion that no proof of a violation of the statute (§2705.01 R. C.), has been shown in this case.

The judgment must be reversed and the appellant discharged.

Judgment reversed, and final judgment rendered for the appellant, Julius Greenfield.

DOYLE, PJ, STEVENS, J, concur.